UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Melissa H. Kunig | Not Reported | Theodore M. Kneller – Not Present |
|---|---|---|
| | | James C. Hughes – Not Present |
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Custody | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Kalistratos Kabilafkas | Not | | X | Arthur Kutoroff | Not | | X |
| | | | | Christine Isaacs | Not | | X |
| | | | | Matthew Ford | Not | | X |
| | | | | Noah Genel | Not | | X |
| | | | | Scott Tenley | Not | | X |

**Proceedings:**     **(IN CHAMBERS) ORDER DENYING APPLICATION FOR RULE 17 SUBPOENA [170]**

Before the Court is Defendant Kalistratos Kabilafkas' Application for an Order Issuing Subpoena Duces Tecum pursuant to Federal Rule of Criminal Procedure 17. ECF 170. The Court has read and considered the moving, opposing, and reply papers. For the foregoing reasons, the Court **DENIES** the Motion without prejudice.

## I.     BACKGROUND

The Court previously described the charges against Defendant Kalistratos Kabilafkas ("Defendant" or "Kabilafkas") in its Order Denying Defendant's Motion to Dismiss Count Two and Forfeiture Allegation One of the Indictment. ECF 136. The Court incorporates the factual and procedural recitation in that order as if fully set forth herein.

### A.     Relevant Procedural History

Through the instant Application, Defendant seeks to obtain documents and records from co-defendant Jack Edward Daniels ("Daniels") and Daniels' counsel of record Sher Tremonte. ECF 170. Defendant contends that Daniels was the president and control person of Airborne Wireless Network ("Airborne"). ECF 170 at 7. Defendant argues that Daniels possesses records showing that Daniels, as president, exercised actual control over Airborne and traveled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

Thailand to negotiate the purchase of shares from Airborne shareholders. *Id.* Defendant contends that he has endeavored to obtain exculpatory evidence in Daniels' possession through communications with Daniels' counsel and the government, but those attempts have been unsuccessful. *Id.* at 8.

Among this evidence is a hard drive created by Airborne personnel during a document production to the Securities Exchange Commission ("SEC"). *Id.* at 12. Defendant contends that Airborne produced to the SEC only the documents that hit on certain search terms and excluded attorney-client privileged material. *Id.* According to Defendant, the "vast majority" of the documents the government is using in this case are those documents from the SEC, which represent just a subset of documents in Airborne's possession. *Id.* Defendant claims that the hard drive containing those Airborne documents was never produced to him and remains in Daniels' or Daniels' counsel's possession, and that no individual or entity can assert privilege over those documents. *Id.* at 12–13.

On January 8, 2025, Defendant applied to the Court for a Rule 17 subpoena duces tecum to Daniels and Airborne. ECF 109. Defendant requested, *inter alia*, communications between Daniels and potential Airborne investors, physical equipment, communications between Airborne and the Federal Aviation Administration, and Airborne's lease agreements. *Id.* at 6–7. The government did not oppose the application, and the Court ordered the issuance of the subpoenas on January 15, 2025. ECF 116, 117. In response to the subpoenas, Daniels produced certain documents on February 27, 2025, and Airborne (through counsel Sher Tremonte) produced documents in response on April 8, 2025. ECF 174-2, 174-3.

On July 15, 2025, Defendant's counsel sought the government's assistance in obtaining certain documents from Daniels, including (1) communications between Defendant and Daniels, (2) Daniels' communications concerning Airborne, and (3) Daniels' communications regarding travel to Thailand. ECF 170 at 14. The parties met and conferred about Defendant's request on July 21, 2025, and several times thereafter. *Id.* On September 4, 2025, the government produced Customs and Border Patrol ("CBP") travel records reflecting Daniels' travel from 2010 to the present. ECF 174-4.

Daniels' counsel Sher Tremonte produced documents to Defendant on October 3, 2025. ECF 174-6 at 2. The letter accompanying the production stated that the production was the result of a diligent search for materials responsive to Defendant's request. *Id.* According to Defendant, the production was limited to documents "which appear to have been forwarded from Daniels to his counsel." ECF 170 at 15. Defendant claims that Daniels' production "was the result of Daniels cherry-picking documents to provide to [Defendant]," and that "Daniels is withholding (or has spoliated) documents and communications contradicting the government's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

theory of the case."  *Id.*

In support of this argument, Defendant references a February 15, 2018, email sent by Daniels referencing Daniels' travel to Thailand "to meet with some investors."  *Id.*  Defendant contends that this responsive email did not appear in Daniels' production.

On October 6, 2025, Defendant's counsel notified the government of these concerns regarding Daniels' October 3 production and indicated Defendant's intent to move for a Rule 17 subpoena.  ECF 174-7 at 8.  After conferring with Sher Tremonte, the government responded to Defendant, indicating that it would oppose a Rule 17 application because Defendant had not identified which materials were withheld from the production and had not met and conferred in good faith to obtain the purportedly missing documents.  *Id.* at 6.

Defendant also purports to seek communications that "will corroborate the extent to which the government was aware of the actual conflict created by Sher Tremonte representing Airborne and Daniels (as well as Andrew Wolin)."  ECF 170 at 15.  Defendant claims that Sher Tremonte "has divided loyalties in this case arising from the tripartite representation of Airborne (alleged by the government to be an alter ego of [Defendant]), Daniels, and Airborne's 'Finance Manager,' Andrew Wolin."  *Id.*  Defendant claims that Sher Tremonte has refused to produce Airborne's company documents, invoking attorney-client privilege over documents even though "no one exists who can assert privilege on behalf of Airborne."  *Id.* at 16.  Defendant contends that Sher Tremonte is withholding exculpatory documents "to protect [its] client Andrew Wolin at [sic] the expense of [its] former client Airborne (alleged to be an alter ego of Defendant)."  *Id.* at 17.  Defendant further alleges that in early 2024, Sher Tremonte simultaneously counseled Defendant and Daniels, and Defendant seeks communications that "will confirm the prejudice arising from these conflicts."  *Id.*

On October 14, 2025, Defendant requested that the government produce (1) "all written communications between the DOJ and Sher Tremonte from 2015 to the present related to this case or the SEC case," and (ii) "all documents evincing any phone calls or meetings between DOJ and Sher Tremonte for the same time frame, including, but not limited to, calendar entries, call logs, or notes."  ECF 174 at 10.  On October 26, 2025 (after the instant Application was filed), the government produced additional communications between Sher Tremonte and the government to Defendant.  ECF 174-9 at 2.

**B.  Defendant's Requests**

Based on the foregoing assertions, Defendant seeks a Rule 17(c) subpoena of the following items:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

**From Daniels**:

- All documents (including, without limitation, all communications) related to Airborne;

- All communications with [Defendant];

- All documents (including, without limitation, photographs, airplane tickets and other travel records, and documents showing hotel reservations) regarding travel to/within/from Thailand (including, without limitation, documents related to Daniels's travels in Thailand);

- Any device that stores electronic data (including, without limitation, hard drives and/or flash drives) containing documents from Airborne, including, but not limited to documents that Airborne provided to its counsel Sher Tremonte LLP; and

- All documents showing any loan of funds that Daniels obtained to purchase or in connection with the purchase of shares of Airborne.

**From Daniels's counsel**:

- All documents related to Airborne;

- Any device that stores electronic data (including, with limitation, hard drives and/or flash drives) containing documents from Airborne that Airborne provided to Sher Tremonte LLP; and

- All communications with the government and documents reflecting these communications (including calendar entries), including but not limited to, communications related to the actual conflict between Sher Tremonte LLP's representation of Airborne (alleged by the SEC and government to be an alter ego of [Defendant]) and Daniels.

*Id.* at 10 (the "Requested Materials"). Daniels and the government oppose the request. ECF 174, 175.

**II.    LEGAL STANDARD**

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

designates," and that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." The rule "requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). Rule 17 is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). To obtain a Rule 17(c) subpoena:

> the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699–700 (footnote omitted). To "meet[ ] the specificity requirement, the movant must request specific documents and not entire categories of files." *United States v. Rucks*, No. 2:20-CR-001-KJM, 2022 WL 3141880, at *2 (E.D. Cal. Aug. 5, 2022).

### III. DISCUSSION

In his Motion, Defendant argues that the Requested Materials in Daniels' or Daniels' counsel's possession are necessary to refute the government's allegations that Defendant controlled Airborne. ECF 170 at 18–21. Even assuming, *arguendo*, that Defendant has established that such materials are generally relevant and admissible,[1] the Court concludes that Defendant has not satisfied Rule 17's specificity requirement, nor has Defendant established that the Requested Materials are not already in his possession or otherwise procurable by other means.

---

[1] The Court is skeptical that Defendant's Application satisfies the admissibility and relevance requirements established by *Nixon*. Defendant must establish "the relevance and admissibility of *all of the materials sought in the Subpoena*." *United States v. Omidi*, No. CR 17-661(A)-DMG, 2021 WL 7629899, at *2 (C.D. Cal. May 20, 2021). For the reasons explained below, because the Application lacks the specificity demanded by *Nixon*, it follows that Defendant has not carried this burden as to each document requested by the expansive requests articulated in the Application. *See United States v. Roque*, No. CR 13-829 PA, 2014 WL 12691605, at *2 (C.D. Cal. Aug. 18, 2014) ("It is not enough have some potential for relevance and evidentiary use.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

The Court considers each category of Requested Materials in turn.

### A. Communications Between Sher Tremonte and the Government

Defendant's Motion argues that records of communications between the government and Sher Tremonte "will corroborate the extent of the government's knowledge of Sher Tremonte's tripartite representation of Daniels, Airborne (allegedly totally controlled by [Defendant]), and Andrew Wolin." ECF 170 at 20. In opposition, the government argues that this request is moot because the government produced responsive documents on October 26, 2025 (after Defendant filed this Application on October 21, 2025). ECF 174 at 18.² In his reply, Defendant does not address the government's assertion that the subsequent production mooted his request for these materials. Instead, Defendant repeats the argument that the Court should permit the issuance of a Rule 17 subpoena compelling Sher Tremonte to produce documents related to its "conflicted representation." ECF 176 at 15.

Because Defendant has not meaningfully rebutted the government's contention that Requested Materials in this category are already in Defendant's possession, the Court denies Defendant's request for communications between the government and Sher Tremonte. *See United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) ("In order to justify a subpoena for production before trial, the proponent must also demonstrate that the subpoenaed materials are not available from any other source . . . .").

### B. Documents Related to Airborne and Daniels' Communications with Defendant

Defendant also seeks a subpoena compelling Daniels to produce "[a]ll communications with [Defendant], and compelling Daniels and Sher Tremonte to produce "[a]ll documents related to Airborne." ECF 170 at 9. According to Defendant, these documents are necessary to "refute the Indictment's allegations that Daniels was a strawman" and "refute the allegation that [Defendant] was controlling Airborne." *Id.* at 19. The government and Daniels argue that

---

² Daniels' opposition argues that the Application for these materials should be denied because Sher Tremonte never shared an attorney-client relationship with Defendant, and there is no evidence that Sher Tremonte ever represented Daniels, Wolin, and Airborne at the same time. ECF 175 at 3. The Court need not presently consider whether Daniels has demonstrated the existence of an actual conflict for purposes of requesting documents, because the government's subsequent production mooted Daniels' request for communications. The government has indicated that it would not oppose a *Wheat* inquiry, pursuant to *Wheat v. United States*, 486 U.S. 153 (1998), which would allow the Court to conduct an in-camera review to determine whether an actual conflict of interest exists. Defendant has not requested such an inquiry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

documents responsive to these requests have already been produced, and Defendant's suggestion that Daniels has withheld or spoliated any additional documents is speculative. ECF 174 at 14–15; ECF 175 at 2.

Defendant does not dispute that, on July 15, 2025, he requested the government's cooperation in obtaining substantially similar categories of documents. ECF 170-7 (expressing intent to subpoena "[a]ll communications between [Daniels] and [Defendant]" and "all of [Daniels'] communications concerning Airborne"). Defendant also does not dispute that, on October 3, 2025, Daniels (at the government's request) produced more than 8,200 pages of documents in response to Daniels' requests, certifying that the records produced "were the result of a diligent search for materials and information responsive to your requests." ECF 174-6.

Defendant nevertheless argues that "Daniels is withholding (or has spoliated) documents and communications contradicting the government's theory of the case, for example, documents corroborating Daniels's performance of his role as President of Airborne." ECF 170 at 15. Defendant points to an email sent by Daniels, dated February 15, 2018, discussing travel to Thailand, that was purportedly withheld from Daniels' production. *Id.* But, as the government points out, that email is already in Daniels' possession, having been produced by the government more than 16 months ago. According to the government, Defendant "provides no other support beyond mere speculation that additional records exist after counsel has stated a diligent search was conducted." ECF 174 at 14–15.

The Court concludes that Defendant's requests for *all* documents related to Airborne and *all* communications between Defendant and Daniels do not satisfy Rule 17's specificity requirement. Rather than identify the specific nature of documents that Daniels or Sher Tremonte purportedly withheld, Defendant requests that the Court compel production of broad swathes of documents, without explaining why previous productions were insufficient. Defendant relies on his own observations of the production—*i.e.*, that many of the documents in the production appear to be forwarded from Daniels to his counsel—to conclude that Daniels must necessarily be withholding other documents. But it is settled law that "Rule 17(c) was not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence." *Reed*, 726 F.2d at 577 (affirming district court quashing subpoena where defendant "did not request specific documents, but sought entire arson investigative files"). Defendant's inability to articulate specific records withheld from the production is fatal to his Rule 17 request.[3] *See Omidi*, 2021

---

[3] According to the government, Defendant did not respond to its request to provide additional information regarding the purported deficiency in the October 3 production. ECF 174 at 9. Defendant's reply argues that the parties engaged in "multiple meet and confers," but none

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

WL 7629899, at *2 (quashing subpoena pursuant to Rule 17 where defendant's request for "any and all" documents concerning counsel's representation of co-defendant amounted to a "fishing expedition"); *Roque*, 2014 WL 12691605, at *2–3 (denying application where request for documents generated by police department investigation into co-defendant's involvement in an unrelated crime "is too broad and not specific"); *United States. v. Sahakian*, No. CR 02-938 (A) VAP, 2008 WL 11383343, at *1 (C.D. Cal. Jan. 25, 2008) (denying "blanket request" for documents spanning overly broad time period).

Moreover, Defendant cannot rely on an email already in his possession to justify a subpoena for an expansive set of documents, many of which Defendant concedes he already possesses. ECF 170 at 19 (acknowledging that Defendant "retains copies of" communications between Daniels and Defendant). Defendant speculates, without support, that the single referenced email is evidence that other documents were withheld from Daniels' production. But Rule 17 requires more than speculation. *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (recognizing Rule 17(c) is not intended to "allow a blind fishing expedition seeking unknown evidence"). And to the extent that Defendant argues that he requires original copies of these very same documents in order to authenticate them for use at trial, *id.*, the Application does not cite any authority showing that Rule 17 contemplates the authorization of a subpoena for that purpose where there is no showing that the documents "are not otherwise procurable in advance of trial." *Nixon*, 418 U.S. at 699.

C. **Documents Regarding Daniels' Travel to Thailand**

Defendant argues that "Daniels should be ordered to produce all evidence related to his travels to Thailand, including, but not limited to, photographs (such as those attached as exhibits) and receipts." ECF 170 at 20. The government responds that on June 26, 2024, it produced travel records obtained from the Government of Thailand reflecting Daniels' entry and departure dates in 2013, 2017, and 2018. ECF 174 at 15; *id.* at 8 ("[T]he government obtained CBP travel records for Daniels' travel from 2010 to the present and produced them to [Defendant] on September 4, 2025."). Moreover, the government and Daniels both argue that the photographs Defendant seeks are irrelevant, and the inclusion of undated pictures of Daniels with unidentified individuals constitutes "an improper effort to harass or otherwise injure [Daniels]." ECF 175 at

---

identified by Defendant took place after the October 3 production. ECF 176 at 8 (describing July 15, 2025, meet and confer); ECF 176-1 (email thread reflecting correspondence on and before September 3, 2025). Defendant's reply does not directly refute the government's contention that Defendant never responded to the government's request for additional information regarding the deficiencies in the production.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

4. On reply, Defendant argues that the documents already in his possession are insufficient because the CBP records "reflect additional trips to other countries in Europe and Southeast Asia, which [Defendant] has reason to believe represent the first leg of additional trips by Daniels to Thailand to negotiate the Ample-Tee/Airborne stock transfer." ECF at 176.

Defendant has failed to carry his burden of establishing the relevance, admissibility, and specificity of the travel records he seeks. Defendant's original motion contends that "[t]he frequency and duration of Daniels' visits to Thailand corroborate that Daniels, not [Defendant] purchased shares from Thai shareholders." ECF 170 at 19. Defendant does not dispute that he is in possession of records from the Government of Thailand reflecting each instance of Daniels' entry and departure from Thailand—such records fulfill the purpose of demonstrating the frequency and duration of Daniels' trips. *United States v. Llerenas*, No. 4:14-CR-6053-EFS, 2015 WL 1530903, at *1 (E.D. Wash. Apr. 6, 2015) ("A party requesting a Rule 17(c) subpoena must also show that the materials are not available from any other source and that examination and processing of the materials should not await trial."). Defendant does not explain how any additional trips to countries *other* than Europe are relevant to the instant action. And even if the existence of such trips were marginally relevant, Defendant is apparently already in possession of those records, and the marginal relevance of those trips would not justify the expansive requests for "airplane tickets, hotel reservations, photos, and other similar evidence." ECF 176 at 12.

Furthermore, the Court agrees with Daniels that Defendant's inclusion of undated photographs depicting Daniels with unidentified individuals who are not parties to this action appears to serve no purpose other than to harass or intimate Daniels. Defendant is cautioned that the inclusion of prejudicial, inflammatory, or irrelevant content in a future pleading or brief may result in sanctions. The photographs contained in Defendant's Application and Reply are hereby **STRICKEN**.

### D. Airborne Hard Drive and Documents Concerning a Loan for Airborne Shares

Defendant argues that documents showing a loan of funds Daniels obtained to purchase shares of Airborne "refute the allegations that Daniels never purchased Airborne shares using his 'personal funds.'" ECF 170 at 20. Defendant also seeks the production of an "Airborne Hard Drive," which purportedly contains the "original records of Airborne and are likely the only source of the unvarnished truth of how Airborne was managed." *Id.* Daniels argues in opposition that neither Daniels nor Sher Tremonte is in the possession of any such loan documents or any such hard drive. ECF 175 at 2.

Implicit in *Nixon*'s requirements that requests for documents pursuant to Rule 17(c) be relevant, admissible, specific, and not intended as a general fishing expedition, is a requirement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:24-cr-00270-MRA-1 | Date | December 5, 2025 |
|---|---|---|---|
| Title | *United States v. Kalistratos Kabilafkas* | | |

that the moving party articulate reasons to believe the materials sought actually exist and are in the possession of the party to be subpoenaed. *See United States v. Cory*, 2022 WL 997336, at *4 (M.D. Fla. Apr. 1, 2022) ("[I]ssuing a subpoena under Rule 17(c) based on Defendant's good faith belief and the *possibility* that materials exist is not enough."). Here, Defendant contends that Daniels and/or Sher Tremonte are in possession of a hard drive containing Airborne materials, as well as loan documents, but Defendant does not offer any reason to believe those documents exist. For example, Defendant's Application and reply reference a loan purportedly taken out by Daniels, but neither brief explains the basis for Defendant's belief that such a loan exists or that Daniels or Sher Tremonte are in possession of documents reflecting such a loan. Moreover, Daniels and his counsel have represented to the Court that these materials do not in fact exist and would have been included in the October 3 production if they did. "Rule 17(c) does not allow such a broad sweep premised on the suspicion that relevant and admissible documents might exist." *United States v. Jefferson*, No. 2:23-CR-00109-LK, 2024 WL 5170267 (W.D. Wash. Dec. 19, 2024). Thus, Defendant's conjecture that these materials exist and are in Daniels' or his counsel's possession is insufficient to justify a Rule 17 subpoena. And to the extent that Defendant's request for the "Airborne Hard Drive" is duplicative of his requests for "all documents related to Airborne," that request is overly broad, for the reasons explained above.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Application for Rule 17 Subpoena [170] without prejudice.

**IT IS SO ORDERED.**

Initials of Deputy Clerk   mku